Dennis Wayne SIX, Appellant,

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
Appellee.

No. 95–1574.

Supreme Court of Iowa.

Jan. 22, 1997.

Chip Lowe, Des Moines, for appellant.

Roy M. Irish of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, L.L.P., Des Moines, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

CARTER, Justice.

This appeal involves a declaratory judgment action brought by plaintiff, Dennis Six, to establish that the defendant, American Family Mutual Liability Insurance Company (American Family), insured against Barbara Jean Powell's tort liability to Six as the result of a motor vehicle collision. Six, who had obtained an assignment of Powell's rights against American Family, sought to establish that it was liable, to the extent of its policy limits, to satisfy a judgment in favor of Six and against Powell for a stipulated sum of $285,000 for personal injury damages that Six sustained in the motor vehicle collision.

Factual issues submitted to the jury in the trial of this action were (1) whether Powell's parents, who were the named insureds under American Family's policy, were residents of Powell's household so as to trigger an exclusion in the policy concerning Powell's status as an additional insured; and (2) whether the amount of Six's personal injury damages that had been stipulated as a basis for the judgment entered was reasonable and prudent. These issues were submitted to the jury by way of special verdicts under Iowa Rule of Civil Procedure 205. The jury answered "No" to both of these questions.

On the same date that the special verdicts were returned, the court filed a purported "Judgment Entry" that recited:

IT IS THEREFORE ORDERED that judgment be entered for the defendant and against the plaintiff for the costs of this action.

Five days after the special verdicts had been returned, Six filed a motion for new trial alleging that the trial court had erred in allowing the jury to consider evidence concerning uninsured motorist coverage available to him. This motion was accompanied by a motion for judgment notwithstanding the verdict of the jury. Twenty-eight days after the special verdicts had been returned, and before the other posttrial motions had been ruled on by the court, Six filed a motion asking for a declaratory judgment on the insurance coverage issue and an adjudication determining what portion of the stipulated judgment did represent a fair and reasonable settlement of Powell's liability. The district court denied the motion for new trial and motion for judgment notwithstanding the verdict on the merits. It denied the motion seeking declaratory relief and a determination of a reasonable settlement amount as untimely. In the court's written ruling on these motions, it expressed the view that its order taxing costs had been intended as the final judgment in the case.

Six seeks a determination on this appeal that the purported entry of a final judgment by the district court was premature because there were issues yet to be resolved with respect to (1) whether, based on the jury's special verdict as to the residency of Powell's parents, he had liability coverage under American Family's policy; and (2) if American Family's policy did cover Powell, what are Six's rights, as her assignee, as a result of the jury's finding that the amount of the stipulated judgment was not reasonable and prudent. In response to these contentions, American Family argues that, as the district court concluded, Six's efforts to obtain these additional determinations were untimely.

Viewing these contentions in light of the claims for relief in Six's petition, we are convinced that there were indeed issues remaining to be tried following the special verdicts of the jury. We further conclude that, notwithstanding the judgment for costs entered on the day of the special verdicts, Six was not placed on notice that he was required to call these matters to the court's attention within the time for filing a motion for new trial. Motions for new trial ordinarily refer to matters that have been tried and do not necessarily implicate the adjudication of matters raised in the petition and not yet determined if those matters are not legally preempted by those issues that have been determined.

Six's strongest argument in this regard is that the jury's special verdict concerning the result of Powell's parents' residency was only one aspect of the insurance

coverage question. The case was not submitted to the jury on the basis that its response to this special verdict question automatically determined that coverage did or did not exist. The jury's response only disposed of one factual issue necessary to resolve that question. Given this circumstance, we believe that the district court was obliged to decide the remaining matters necessary to enter the declaratory judgment that had been requested and, after resolution of those matters, enter an appropriate declaratory judgment. Under rule 205, the court is to find on any issues not resolved by the special verdicts and render jury-waived adjudications with respect thereto. *See P.H.C.C.C., Inc. v. Johnston*, 340 N.W.2d 774, 777 (Iowa 1983).

We also conclude that Six was not time barred from asking for an adjudication of what portion of the stipulated judgment was reasonable and prudent. His request for a declaratory judgment necessarily embraced all issues incident to his right to compel satisfaction of the judgment by American Family. Six's action in seeking declaratory judgment concerning the legal consequences of the jury's determination that the settlement was not reasonable and proper was particularly appropriate because there was no prior case law specifying what the next step is when a court or jury makes a negative finding with respect to the "reasonable and prudent" element under *Red Giant Oil Co. v. Lawlor*, 528 N.W.2d 524, 535 (Iowa 1995). Although that decision makes clear the finding that the settlement is reasonable and proper is required in order for the insurer to be held liable for the stipulated judgment, it does not speak to the next step in the process should that finding be negative.

■ American Family suggests in its argument that the insurance company's liability is extinguished when a negative finding is made concerning whether a settlement is reasonable and prudent. We disagree with that contention. We are convinced that, if coverage exists, an insurer that declines to defend a claim continues to be liable to hold its insured harmless for that portion of the stipulated judgment that represents a reasonable and prudent settlement. Our conclusion that this should be the rule in the present case is not altered by the fact that language in the jury instructions, not objected to by Six, indicated that Six could not recover against American Family if the stipulated damages were not reasonable and proper. Such language might have made a general verdict final and binding on this issue but it was mere surplusage with respect to a special verdict.

■ If, after remand, the district court formulates a declaratory judgment establishing coverage under American Family's policy, Six is entitled to seek an adjudication as to what portion of the stipulated judgment was reasonable and prudent by a request for "supplemental relief" under Iowa Rule of Civil Procedure 266. In denying Six's request to adjudicate this issue, the district court noted that it had offered to submit this issue to the jury, and Six had not taken advantage of that opportunity. The record reflects, however, that American Family had objected to the jury deciding what portion of the stipulated judgment was reasonable and prudent. Under the circumstances, we conclude that Six's acquiescence in that objection was only a waiver of his right to have the jury decide that issue, leaving the matter for subsequent determination by the court. Given the extensive evidence already introduced on this issue, we conclude that, under rule 205, this matter may be decided by the court as a jury-waived issue on the record already made.

We have considered the arguments presented, and based on our conclusions, we vacate the district court's purported entry of final judgment. The case is remanded to that court for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**