STATE OF NEBRASKA, APPELLEE, V. DAVID W. RIEGER,
ALSO KNOWN AS DAVID W. RIEGER, JR., APPELLANT.
588 N.W.2d 206

Filed January 5, 1999. No. A-97-1150.

James J. Regan for appellant.

Don Stenberg, Attorney General, and David T. Bydalek for appellee.

IRWIN, Chief Judge, and SIEVERS and MUES, Judges.

SIEVERS, Judge.

David W. Rieger, also known as David W. Rieger, Jr., appeals his conviction for robbery in the district court for Douglas County, Nebraska. We address the effect of filing a timely appeal from an order denying discharge on speedy trial grounds after the defendant has been tried and convicted, but before he has been sentenced.

## BACKGROUND

On July 7, 1995, a man dressed in a blue, long-sleeved, hooded sweatshirt robbed the Baker's Supermarket located at Saddle Creek and Leavenworth Streets in Omaha, Nebraska. On July 10, a complaint was filed in the county court for Douglas County, Nebraska, charging Rieger with one count of robbery. On May 30, 1996, the State of Nebraska filed a detainer against

Rieger, while he was an inmate at the federal penitentiary in Leavenworth, Kansas. On July 23, Rieger mailed his request for final disposition of the robbery charge to the Douglas County Attorney. On July 30, Deputy Douglas County Attorney Donald W. Kleine certified that he had received Rieger's request. On September 25, Rieger was bound over to the district court for Douglas County for trial after a preliminary hearing.

On August 5, 1997, Rieger filed a motion to discharge alleging that he had not been brought to trial within the time specified by the interstate Agreement on Detainers, Neb. Rev. Stat. § 29-759 (Reissue 1995). A hearing on the motion to discharge was held on August 18, and the court overruled Rieger's motion on that same date. Immediately after the ruling, the jury trial began. Rieger did not object to immediately proceeding to trial, and he did not orally give notice of appeal or file a written notice of appeal until September 16.

At trial, Tamara Christensen, a customer service clerk at Baker's, testified that on July 7, 1995, a man wearing blue jeans and a blue, long-sleeved, hooded sweatshirt approached the customer service counter at approximately 4:10 p.m. and told her that he wanted "all the large bills." Christensen testified that she did not believe the man and asked if his request was serious. He responded by directing Christensen's attention to his left arm, which was resting on the counter. According to Christensen, the man had his left hand inside of his coat pocket, and she believed that he had a gun. The man then stated, "[I]f you don't move fast someone's going to get hurt." Christensen then pulled $10 and $20 bills out of the register, put them in a bank bag, and handed them to the perpetrator. Christensen testified that she watched the man run out the door and then called for a manager and store security.

By 6 p.m. on the day of the robbery, Christensen had identified Rieger from a photographic array as the man who had robbed Baker's. Christensen also identified Rieger at the preliminary hearing and again at trial.

Mary Wilson testified that she had been standing in line at the Baker's service counter on the afternoon of July 7, 1995. Wilson witnessed the robbery and was able to observe the right side of the perpetrator's face. Wilson identified Rieger at trial as

the man who had committed the robbery. There was other circumstantial evidence pointing to Rieger introduced at trial, but we do not recount that evidence because of the disposition we reach.

On August 19, 1997, the jury found Rieger guilty of robbery. An enhancement hearing was held on August 22, and the district court determined that Rieger was a habitual criminal. On September 16, Rieger filed a notice of appeal from the trial court's overruling of his motion to discharge. That appeal was designated as our case No. A-97-976, which we decided against Rieger in a memorandum opinion filed May 15, 1998. In the meantime, back in district court, on October 8, 1997, over objections by Rieger to the trial court's jurisdiction because of the pending appeal in the case, Rieger was sentenced to a term of 20 to 40 years' incarceration, with credit for 418 days already served.

In the memorandum opinion, this court affirmed the district court's decision overruling Rieger's motion to discharge. After noting that article III(a) of the Agreement on Detainers requires (1) written notice of the requested disposition and (2) the requisite certificate of the officials of the incarcerating state, we held:

> It is apparent from our examination of the record that the certificate containing the information just recited and required by article III, § (a), did not accompany Rieger's request to the prosecutor or the court. Consequently, because Rieger's request was not made in the manner required, it was not effective and did not trigger the 180-day period.

While we affirmed the decision of the district court, we did not expressly determine whether a ruling on a motion to discharge was a final, appealable order when based on the 180-day provision of the Agreement on Detainers. In the instant appeal, our case No. A-97-1150, Rieger appeals his conviction and sentence.

## ASSIGNMENTS OF ERROR

Rieger argues that "[t]he district court erred in determining that the Defendant was not entitled to dismissal with prejudice of the charges against him on account of the State's failure to

bring him to trial within the time limit mandated by the Agreement on Detainers, Neb. Rev. Stat[.] § 29-759 (Reissue 1995)." Rieger also argues that the district court erred in (1) determining there was sufficient evidence to support the conviction, (2) allowing an officer's testimony regarding the out-of-court identification by the victim, and (3) admitting evidence concerning the drive time between the location of the robbery and Rieger's place of employment. Finally, Rieger asserts that the district court lacked jurisdiction to sentence him and, in the alternative, that the sentence was excessive.

## STANDARD OF REVIEW

When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *State v. LeGrand*, 249 Neb. 1, 541 N.W.2d 380 (1995).

## ANALYSIS

*Motion to Discharge.*

Although we have already disposed of Rieger's assignment of error concerning the trial court's ruling on the motion to discharge by our memorandum opinion in case No. A-97-976, we comment briefly on additional considerations unique to the instant case and this issue.

Rieger argues on appeal:

Because the Nebraska Supreme Court has not directly resolved the question of whether a denial of a motion to discharge filed under the Agreement on Detainers is a final appealable order, in this appeal . . . the Defendant has assigned as error the failure of the District Court to dismiss the charge against him . . . .

Brief for appellant at 6.

In *State v. Jacques*, 253 Neb. 247, 570 N.W.2d 331 (1997), the Nebraska Supreme Court held that a ruling on a motion to discharge under the Nebraska speedy trial statute, Neb. Rev. Stat. § 29-1207 (Reissue 1995), is a final, appealable order. The court in *Jacques* held that a motion to discharge "affects the substantial right to a speedy trial. The right to a speedy trial is obviously an essential legal right, not a mere technical right." 253 Neb. at 252, 570 N.W.2d at 335. The court stated:

A motion to discharge occurs in a special proceeding. First, a motion to discharge is a legally conferred right that authorizes a special application to a court for enforcement. . . . Second, a motion to discharge is a statutory remedy which is not itself an action because the motion does not prosecute alleged rights between parties or end in final judgment. . . . Thus, a hearing on a motion to discharge is considered a special proceeding.

*Id.* at 254, 570 N.W.2d at 336.

■ Although *Jacques* was based on the right to a speedy trial under § 29-1207, the jurisprudence under the Nebraska speedy trial statute is applicable to the speedy trial portion of the interstate Agreement on Detainers. See *State v. Meyer*, 7 Neb. App. 963, 588 N.W.2d 200 (1998). Therefore, we hold that a ruling on a motion to discharge, based on the speedy trial provisions of the Agreement on Detainers, is a final, appealable order. Rieger had 30 days from the court's denial on August 18, 1997, in which to appeal the adverse ruling. See Neb. Rev. Stat. § 25-1931 (Reissue 1995). Rieger appealed the ruling within 30 days, and we disposed of the appeal in the memorandum decision which affirmed the denial of the motion to discharge. Thus, the merits of the speedy trial issue have already been resolved against Rieger.

■ What is unique to the instant case, however, is the fact that Rieger's appeal on the motion to discharge, while timely, was filed after he proceeded, without objection and without appealing, to trial on the merits. The instant appeal was filed before the trial court sentenced him upon the conviction. A finding of guilty is a conviction, but it is not a judgment or a final order, and there can be no appeal until a sentence has been imposed. *State v. Engleman*, 5 Neb. App. 485, 560 N.W.2d 851 (1997). It is the sentence which is the judgment. *State v. Spotted Elk*, 227 Neb. 869, 420 N.W.2d 707 (1988).

On appeal, Rieger argues that the district court lacked jurisdiction to sentence him. We agree. Rieger perfected his appeal on the trial court's ruling on the motion to discharge on September 16, 1997. On October 8, over objections by Rieger regarding jurisdiction of the court, Rieger was sentenced to a term of 20 to 40 years' incarceration. The district court is

divested of jurisdiction when appeal of that case is perfected to an appellate court. *State v. Campbell*, 247 Neb. 517, 527 N.W.2d 868 (1995). Thus, the district court was without jurisdiction to sentence Rieger. Moreover, the law is that without the sentence, there is no final order. Without a final order, the appellate court lacks jurisdiction. *State v. Engleman, supra*. Although jurisdiction is not present in this court, we do have the authority, and the duty, to vacate the sentence which was handed down without jurisdiction by the district court. See *State v. Engleman, supra*. Therefore, we vacate the sentence and remand the cause to the district court for resentencing. Because we lack jurisdiction, we do not address Rieger's claims that the trial court erred with respect to certain evidentiary matters.

SENTENCE VACATED, APPEAL DISMISSED, AND CAUSE REMANDED FOR RESENTENCING.