STATE OF NEBRASKA, APPELLEE, V. DAVID W. RIEGER, ALSO KNOWN AS DAVID W. RIEGER, JR., APPELLANT.

600 N.W. 2d 831

Filed October 8, 1999.   No. S-97-1150.

James J. Regan for appellant.

Don Stenberg, Attorney General, and David T. Bydalek for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

David W. Rieger appealed his conviction and sentence on charges of robbery and being a habitual criminal. The Nebraska Court of Appeals determined that the trial court lacked jurisdiction to sentence Rieger because of the pendency of an appeal from the denial of his motion for discharge, which appeal was filed after he was convicted but before he was sentenced. It therefore vacated the sentence, dismissed the appeal, and remanded the cause for resentencing. *State v. Rieger*, 8 Neb. App. 20, 588 N.W.2d 206 (1999). We granted the State's petition for further review, which presents the single issue of whether the Court of Appeals had jurisdiction to vacate and remand. We conclude that it did and therefore affirm.

## BACKGROUND

On July 10, 1995, Rieger was charged with robbery in a complaint filed in the county court for Douglas County. On July 23, 1996, Rieger, who was then incarcerated at the federal penitentiary in Leavenworth, Kansas, mailed a request for final disposition of the robbery charge to the Douglas County Attorney, pursuant to the Agreement on Detainers, Neb. Rev. Stat. § 29-759 (Reissue 1995). On July 30, a deputy Douglas County Attorney certified that he had received that request. On September 25, following a preliminary hearing, Rieger was bound over to the district court for Douglas County for trial.

On May 12, 1997, an amended information was filed which added a habitual criminal charge to the robbery charge. Subsequently, on August 5, Rieger filed a motion to discharge, alleging that he had not been brought to trial within 180 days of his request for final disposition as required by § 29-759, article III. A hearing on the motion to discharge was held on August 18. The court overruled Rieger's motion on that same date and immediately began the jury trial. Rieger did not object to the

commencement of trial or file a notice of appeal with respect to the denial of his motion to discharge at that time.

On August 19, 1997, the jury found Rieger guilty of robbery. An enhancement hearing was held on August 22, and the district court determined that Rieger was a habitual criminal. On September 16, Rieger filed a notice of appeal from the order of August 18 overruling his motion to discharge. That appeal was docketed in the Court of Appeals as case No. A-97-976.

On October 8, 1997, the district court sentenced Rieger to a term of 20 to 40 years' incarceration with credit for time served. This sentence was imposed over Rieger's objection that the district court lacked jurisdiction to do so because of his pending appeal from the order overruling his motion to discharge. On November 4, Rieger commenced this appeal from his conviction and sentence.

In a memorandum opinion filed May 15, 1998, in case No. A-97-976, the Court of Appeals held against Rieger on his appeal from the denial of his motion for discharge, stating that he had failed to follow the procedures required by the Agreement on Detainers and therefore did not trigger the 180-day period required by that agreement.

On August 26, 1998, the Court of Appeals issued an order to show cause why the instant appeal should not be dismissed for lack of jurisdiction and the matter remanded for resentencing. In its response, the State argued that because Rieger failed to appeal before trial was held, he waived any objection he had to the speedy trial issue under the Agreement on Detainers, and that thus, his first appeal was improper and resentencing was not necessary. On January 5, 1999, the Court of Appeals held in a published opinion that the order overruling Rieger's motion to discharge was a final, appealable order and that the district court was divested of jurisdiction when Rieger perfected his appeal from that order. *State v. Rieger*, 8 Neb. App. 20, 588 N.W.2d 206 (1999). It therefore vacated the sentence, dismissed the appeal for lack of jurisdiction, and remanded the cause for resentencing.

## ASSIGNMENT OF ERROR

In the State's petition for further review, it does not contest the determination that the order denying Rieger's motion to dis-

charge was appealable or that the district court lacked jurisdiction to sentence Rieger because of the pendency of the appeal from such order. However, it asserts that the Court of Appeals erred in vacating the sentence and remanding the cause for resentencing because "[a] court which lacks of jurisdiction in a matter may not grant relief." Memorandum brief of appellee in support of petition for further review at 1.

## STANDARD OF REVIEW

■ The determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusion independent from the trial court. *State v. Meese, ante* p. 486, 599 N.W.2d 192 (1999).

## ANALYSIS

After determining that the trial court lacked jurisdiction to sentence Rieger, the Court of Appeals concluded:

> Moreover, the law is that without the sentence, there is no final order. Without a final order, the appellate court lacks jurisdiction. . . . Although jurisdiction is not present in this court, we do have the authority, and the duty, to vacate the sentence which was handed down without jurisdiction by the district court. . . . Therefore, we vacate the sentence and remand the cause to the district court for resentencing. Because we lack jurisdiction, we do not address Rieger's claims that the trial court erred with respect to certain evidentiary matters.

(Citations omitted.) *State v. Rieger,* 8 Neb. App. at 25, 588 N.W.2d at 210.

In reaching this conclusion, the Court of Appeals relied on *State v. Engleman,* 5 Neb. App. 485, 560 N.W.2d 851 (1997), wherein it determined that a sentencing order which was not preceded by a valid judgment of conviction did not result in a final, appealable order. Although in *Engleman,* the Court of Appeals concluded that under these circumstances it lacked appellate jurisdiction, it reasoned that it could not merely dismiss the appeal, because sentences, including one of imprisonment, had been imposed. Citing authority for the general proposition that imposing a sentence upon an invalid judgment of

conviction constitutes a violation of the accused's right to due process of law, *Engleman* concluded:

> To sentence a defendant without a finding by the court that he or she is guilty obviously affects a substantial right of the defendant, and to leave this uncorrected would damage the integrity of the judicial process. Thus, we reach this error under the plain error doctrine, even though it was not raised in the district court. Because no judgment of guilt has been rendered against Engleman, the county court improperly sentenced Engleman, and the sentences imposed are null and void.

5 Neb. App. at 492, 560 N.W.2d at 857. On this basis, the Court of Appeals vacated Engleman's sentence, dismissed the appeal, and remanded the cause for resentencing.

The State argues that jurisdiction over a case is a prerequisite to the exercise of any type of appellate review, including plain error review, and that the Court of Appeals erred in concluding that it could employ plain error review and grant relief in this case after acknowledging the absence of appellate jurisdiction. The State cites no authority for this proposition.

■ It is undisputed that on the date the district court imposed sentence, it was divested of subject matter jurisdiction because of the pendency of the timely and proper appeal from its order denying discharge. We have characterized a ruling by a district court made in the absence of subject matter jurisdiction as "void ab initio," *Big John's Billiards v. Balka*, 254 Neb. 528, 531, 577 N.W.2d 294, 296 (1998), and "a nullity," *State v. Dvorak*, 254 Neb. 87, 90, 574 N.W.2d 492, 494 (1998). However, even though an extrajudicial act of a lower court cannot vest an appellate court with jurisdiction to review the merits of an appeal, the appellate court has jurisdiction and, moreover, the duty to determine whether the lower court had the power, that is, the subject matter jurisdiction, to enter the judgment or other final order sought to be reviewed. *State v. Dvorak, supra*; *State v. Jacques*, 253 Neb. 247, 570 N.W.2d 331 (1997). This well-settled rule precluded the Court of Appeals from considering any error with respect to the merits of the case, whether assigned or under the plain error doctrine, once it determined that the district court was "without jurisdiction to sentence Rieger," *State v. Rieger*,

8 Neb. App. 20, 25, 558 N.W.2d 206, 210 (1999). However, it is clear that the Court of Appeals based its disposition solely upon its determination of the jurisdictional issue. Thus, the question before us is whether the Court of Appeals had the power to vacate the sentence and remand the cause for resentencing as an incident to its determination that it lacked jurisdiction to consider the merits of the appeal because the district court lacked jurisdiction to enter the order from which the appeal was taken.

*State v. Dvorak, supra*, is instructive. In that case, the State had appealed to the district court from an order of the county court granting the defendant's motion to set aside her conviction for reckless driving. The district court initially reversed the order of the county court, but then affirmed upon the defendant's motion to reconsider. The State perfected an appeal to this court.

We determined that because there was no statute or rule permitting a district court to entertain a motion to reconsider in an appeal from county court pursuant to Neb. Rev. Stat. § 25-1901 (Reissue 1995), the district court's exercise of subject matter jurisdiction over the motion for reconsideration was improper. We held that the first order

> was the district court's final disposition of the appeal and that the district court was divested of jurisdiction over the matter upon that order. A ruling made in the absence of subject matter jurisdiction is a nullity. . . . Accordingly, the district court's [second] order . . . is void, and this court is without jurisdiction to review the merits of the appeal [from the second order].
>
> *For the foregoing reasons, the decision of the district court is reversed and the cause remanded with direction to reinstate the conviction.*

(Citations omitted.) (Emphasis supplied.) *State v. Dvorak*, 254 Neb. at 90-91, 574 N.W.2d at 494.

██ Although the State is critical of the holding in *State v. Engleman*, 5 Neb. App. 485, 560 N.W.2d 851 (1997), which was cited and followed by the Court of Appeals in the present case, the State does not urge reversal of our holding in *Dvorak*. Were we to adopt the rule which the State urges in this case, we would establish the curious jurisprudence that an appellate court has the power to reinstate a conviction which it finds to have been

set aside by a void order, as we did in *Dvorak*, yet lacks the power to vacate a sentence imposed pursuant to an equally void order, as the Court of Appeals did in *Engleman* and the present case. We know of no authority which would obligate an appellate court to leave in effect an order which it determines to be void ab initio on jurisdictional grounds. Such a result would defy fairness and logic and, as the Court of Appeals correctly observed in *Engleman*, would inflict damage on the integrity of the judicial process. We therefore hold that as a necessary incident to an appellate court's power to determine that it lacks jurisdiction over the merits of an appeal because the order appealed from was entered by a court lacking subject matter jurisdiction and was thus void, an appellate court has the power and duty to vacate the void order and, if appropriate, remand the cause for further proceedings. Accordingly, we conclude that the Court of Appeals did not err in its disposition of this matter, and its judgment is therefore affirmed.

AFFIRMED.