IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. ROBINSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ERIC M. ROBINSON, APPELLANT.

Filed November 8, 2022.    No. A-21-609.

Appeal from the District Court for Lancaster County: LORI A. MARET, Judge. Affirmed.

Darik J. Von Loh, of Hernandez Frantz, Von Loh, for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

PIRTLE, Chief Judge, and ARTERBURN and WELCH, Judges.

ARTERBURN, Judge.

## I. INTRODUCTION

Eric M. Robinson filed a motion for absolute discharge in the district court for Lancaster County, alleging a violation of his statutory right to a speedy trial. The court overruled Robinson's motion, and he appeals. Finding no error, we affirm.

## II. BACKGROUND

On October 12, 2018, the State filed a two-count information charging Robinson with possession of burglar's tools, a Class IV felony, and possession of a controlled substance (methamphetamine), also a Class IV felony. Robinson first appeared before the district court on October 17, and pleas of not guilty were entered on his behalf.

On October 22, 2018, Robinson's counsel filed four discovery motions, including a motion to require the State to provide any mitigating evidence to the defense, a motion to allow defense counsel to depose the State's endorsed witnesses, a motion to allow the defense to conduct general

discovery, and a motion to require the State to produce within 30 days any statement made by Robinson to law enforcement. The district court sustained each of Robinson's discovery motions on November 13, 2018.

On December 19, 2018, the district court filed a journal entry setting a jury trial for the jury term beginning on January 7, 2019. Robinson's counsel filed seven pretrial motions on January 4, in preparation for the scheduled trial. Such motions included a motion to require the State to disclose whether during the trial it would use evidence of other crimes or wrongful acts committed by Robinson, a motion to require the State to disclose whether during the trial it would refer to any of Robinson's prior convictions, a motion for Robinson to wear civilian clothing and to have his restraints removed during the trial, and a motion to sequester the witnesses during trial.

On January 7, 2019, a hearing was held to address Robinson's pretrial motions. During this hearing, the district court attempted to address a pro se motion filed by Robinson which indicated his desire to have new counsel appointed. The following colloquy occurred during the court's inquiry about Robinson's pro se motion:

> THE COURT: But some of what I understand your complaint to be is that you no longer want to be represented by [defense counsel]; is that correct?
>
> [ROBINSON:] May I address the record, Your Honor?
>
> THE COURT: I asked you a question. You no longer want to be represented by [defense counsel]; is that correct?
>
> [ROBINSON:] I don't want to answer the question yet. I'd like to address the record, if I may.
>
> THE COURT: Well, you need to answer my question.
>
> [ROBINSON:] No, I don't. Judge [], under 29-2801 and 29-2807, due to your misconduct on my habeas corpus, your office is terminated. I'm going to stand on that and on 22-40 that I plead to the federal courts, and that's it.
>
> THE COURT: Mr. Robinson, I've asked whether or not you want to be represented by [defense counsel] or not.
>
> [ROBINSON:] I'm going to stand on –
>
> THE COURT: It's a yes-or-no question.
>
> [ROBINSON:] I don't have to answer it.
>
> THE COURT: Okay. I'm having a hard time communicating with you. I don't know whether or not you really understand what we're doing here today. I question your competency, so I'm ordering that you be evaluated for competency. I'll ask [the State] for an order to that effect.

On January 11, the district court entered a written order requiring Robinson to be examined and evaluated to determine his competency to stand trial. Such evaluation was to take place at the Lancaster County Jail where Robinson was being held pending his trial. Given the court's sua sponte order to have Robinson evaluated for competency, the court did not address at the January 7 hearing the pretrial motions filed by defense counsel. And, upon our review of the record, it appears that the district court has not yet ruled on those motions.

The same day that the district court entered its written order to have Robinson's competency evaluated, Robinson filed with the court a document he entitled "Affidavit in Truth."

In this document, Robinson indicated his intent to disobey the district court's order requiring that he undergo a competency evaluation. A subsequent letter sent to the district court from a forensic psychiatrist who attempted to conduct the evaluation of Robinson indicated that Robinson refused to leave his jail cell in order to participate with the competency evaluation. As such, on January 31, 2019, the district court entered another order requiring Robinson to undergo a competency evaluation. This order required Robinson to be transferred from the county jail to the Lincoln Regional Center for the evaluation: "[Robinson] shall remain there until said examination is completed, and thereafter be returned by Lancaster County Corrections to the Adult Detention Center of Lancaster County."

On May 7, 2019, Mindy Abel, a clinical psychologist at the Lincoln Regional Center submitted to the district court the results of her competency evaluation of Robinson. Abel concluded as follows:

> It is the opinion of the undersigned that Mr. Robinson's competency related abilities are being impacted by both symptoms of a mental illness and characterological traits. Mr. Robinson has the capacity to understand the nature and object of the proceedings he is facing. At this time Mr. Robinson is displaying symptoms of mania that are likely exacerbating his characterological traits leading to interference with his capacity to comprehend his own condition in reference to such proceedings. In addition, while Mr. Robinson may have rational ideas for his defense, his current mental health symptoms interfere with his capacity to clearly communicate his thoughts without perseverating on his own beliefs about how his case should proceed. There is a substantial likelihood that the use of psychiatric medication will address the symptoms of mania that Mr. Robinson is exhibiting. As noted psychiatric medications[s] are unlikely [to] address the underlying characterological traits that also contribute to his working with an attorney.

A hearing on Robinson's competency to stand trial was held on May 28, 2019. At that hearing, Abel's evaluation was submitted into evidence. Defense counsel subsequently asked to continue the hearing so that Abel could be subpoenaed to testify. The district court granted the request for a continuance and entered an order requiring Robinson to remain at the Lincoln Regional Center until further order of the court.

The competency hearing continued on June 18, 2019. At the conclusion of the hearing, the district court found Robinson competent to stand trial. The court tentatively scheduled trial for July 8. Robinson was ordered to be released from the Lincoln Regional Center into the custody of Lancaster County Corrections.

On June 28, 2019, Robinson's defense counsel filed two motions to suppress. The first motion to suppress argued that there was no reasonable suspicion or probable cause to warrant law enforcement stopping and questioning Robinson prior to his arrest. That motion also alleged that there was no cause to warrant the subsequent search of Robinson and that, as a result, the evidence found by law enforcement should be suppressed. The second motion to suppress argued that Robinson's statements to law enforcement on the night of his arrest should be suppressed because such statements were made in violation of Robinson's *Miranda* rights.

While the motions to suppress were pending in the district court, Robinson filed a pro se interlocutory appeal with this court regarding the district court's decision to strike his pro se motion

for new counsel. This appeal divested the district court of jurisdiction over the proceedings until November 13, 2019, when we issued our mandate dismissing Robinson's appeal. After spreading the mandate, the district court held a hearing on Robinson's motions to suppress on January 14, 2020. The district court overruled both motions in an order entered on April 29. Trial was scheduled for the jury term beginning July 6. On June 29, defense counsel filed a motion to continue the trial. The court granted defense counsel's motion and continued the trial to the September jury term. Robinson was ordered to appear for a docket call on August 19.

On August 24, 2020, Robinson filed his motion for absolute discharge on statutory speedy trial grounds. A hearing on the motion was scheduled for October 29. Defense counsel filed a motion to continue the October 29 hearing because he had been exposed to COVID-19 and had to quarantine. The hearing was continued to November 10. At the November 10 hearing, Robinson indicated to the court that he no longer wanted to be represented by anyone from the Lancaster County Public Defender's Office. Instead, he wanted time to find new counsel. Based upon Robinson's request, the district court allowed the public defender's office to withdraw from the case and continued the hearing on the motion for absolute discharge to December 15, in order to give Robinson time to hire new counsel.

Robinson's new counsel entered his appearance in the case on December 10, 2020. Over the next few months, Robinson's counsel filed three written motions to continue the hearing on the motion for absolute discharge in order for counsel to prepare for the hearing and acquire necessary evidence. The hearing on the motion for absolute discharge was finally held on April 28, 2021, 8 months after the motion was initially filed. At the start of the April 28 hearing, defense counsel made an oral motion to again continue the hearing. The district court overruled the motion and both Robinson and the State offered evidence. Robinson offered into evidence the records from his stay at the Lincoln Regional Center and emails between himself and his former counsel. The State offered into evidence Abel's competency evaluation of Robinson, transcripts of various hearings held in the district court, a printed copy of the Judge's Notes, and the State's speedy trial calculation. The court received all of the exhibits and heard arguments from both parties.

On July 2, 2021, the district court entered an order overruling Robinson's motion for absolute discharge. The court observed that the initial speedy trial clock would have run on April 12, 2019. The court then performed a calculation of excludable time, including "numerous pretrial motions, competency evaluations, and a motion to continue." The court found that a total of 558 days were excludable between October 12, 2018, when the information was filed, and August 24, 2020, when Robinson filed his motion for absolute discharge. Thus, the district court concluded that "the last day the State could have brought [Robinson] to trial before the expiration of the speedy trial period . . . was October 21, 2020. As such, [Robinson]'s right to a speedy trial was not violated."

Robinson appeals from the district court's order denying his motion for absolute discharge.

## III. ASSIGNMENTS OF ERROR

Robinson asserts, restated, that the district court erred in failing to find that his statutory right to a speedy trial was violated. Robinson also asserts that the district court abused its discretion in denying his motion to obtain the recordings from the court proceedings so that he could determine the accuracy of the written record.

- 4 -

## IV. STANDARD OF REVIEW

Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Bixby*, 311 Neb. 110, 971 N.W.2d 120 (2022).

## V. ANALYSIS

### 1. STATUTORY RIGHT TO SPEEDY TRIAL

A criminal defendant's statutory speedy trial rights are governed by Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016). As pertinent to this appeal, § 29-1207 provides, in relevant part:

(1) Every person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section.

(2) Such six-month period shall commence to run from the date the indictment is returned or the information filed[.]

. . . .

(4) The following periods shall be excluded in computing the time for trial:

(a) The period of delay resulting from other proceedings concerning the defendant, including, but not limited to, an examination and hearing on competency and the period during which he or she is incompetent to stand trial; the time from filing until final disposition of pretrial motions of the defendant, including motions to suppress evidence, motions to quash the indictment or information, demurrers and pleas in abatement, and motions for a change of venue; and the time consumed in the trial of other charges against the defendant;

(b) The period of delay resulting from a continuance granted at the request or with the consent of the defendant or his or her counsel.

To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4). *State v. Blocher*, 307 Neb. 874, 951 N.W.2d 499 (2020). Here, the State filed the information against Robinson in district court on October 12, 2018. Excluding the day the information was filed, counting forward 6 months, and backing up 1 day, the statutory speedy trial clock would have run on April 12, 2019, unless the State proved excludable time periods. The State has the burden to show by a preponderance of the evidence that enough time is excluded under § 29-1207(4) if it does not bring the defendant to trial within 6 months. *State v. Sommer*, 273 Neb. 587, 731 N.W.2d 566 (2007).

### (a) Discovery Motions

The plain terms of § 29-1207(4)(a) exclude all time between the time of the filing of a defendant's pretrial motions and their final disposition, regardless of the promptness or reasonableness of the delay. *State v. Carrera*, 25 Neb. App. 650, 911 N.W.2d 849 (2018). The excludable period commences on the day immediately after the filing of a defendant's pretrial motion. *Id*. Final disposition under § 29-1207(4)(a) occurs on the date the motion is granted or

denied. *State v. Carrera, supra*. Here, Robinson filed four motions for discovery on October 22, 2018. The court granted these motions on November 13. Thus, the speedy trial clock was tolled for 22 days. In his brief on appeal, Robinson does not appear to contest this excludable period. Adding the 22 excludable days to April 12, 2019, the new speedy trial deadline was May 14.

(b) Competency Evaluation

Under § 29-1207(4)(a), time is excluded from the speedy trial clock for "[t]he period of delay resulting from other proceedings concerning the defendant, including but not limited to, an examination and hearing on competency and the period during which [the defendant] is incompetent to stand trial[.]" This time period begins when the defendant's competency to stand trial is brought to the attention of the court and concludes when and if the court finds the defendant competent to stand trial. See *State v. Tamayo*, 280 Neb. 836, 791 N.W.2d 152 (2010). Here, the district court, sua sponte, determined that Robinson's competency to stand trial needed to be evaluated after he was unable to answer the court's yes-or-no questions regarding whether he wished to have new counsel during the hearing held on January 7, 2019. Ultimately, the district court found Robinson to be competent to stand trial after the conclusion of the competency hearing on June 18, 2019. Thus, the speedy trial clock was tolled for an additional 163 days. Adding the 163 excludable days to May 14, 2019, the new speedy trial deadline was October 24.

In his brief on appeal, Robinson challenges whether the time for his competency evaluation should be excluded from the speedy trial clock. Specifically, Robinson asserts that there should never have been a competency evaluation ordered because the court cannot, on its own motion, order such an evaluation. Robinson cites to Neb. Rev. Stat. § 29-1823 (Cum. Supp. 2020) to support this assertion. However, Robinson left out of his recitation of the statutory language that portion of the statute which addresses the court's ability to order a competency evaluation. The relevant language of § 29-1823 provides:

> If at any time prior to or during trial it appears that the defendant has become mentally incompetent to stand trial, such disability may be called to the attention of the district or county court by the county attorney or city attorney, by the defendant, or by any person for the defendant. The judge of the district or county court of the county where the defendant is to be tried shall have the authority to determine whether or not the defendant is competent to stand trial. The judge may also cause such medical, psychiatric, or psychological examination of the defendant to be made as he or she deems warranted and hold such hearing as he or she deems necessary.

This court has recently explained that the "trigger" for a competency hearing under this statute is as follows: "If at any time while criminal proceedings are pending, facts are brought to the attention of the court, either from its own observation or from suggestion of counsel, which raise a doubt as to the sanity of the defendant, the question should be settled before further steps are taken." *State v. Saufley*, 29 Neb. App. 592, 604, 956 N.W.2d 726, 737 (2021).

Here, the district court observed behavior from Robinson during the January 7, 2019, hearing which raised doubts as to Robinson's ability to understand the proceedings and to competently participate in the proceedings. Accordingly, the district court ordered Robinson to undergo a competency evaluation pursuant to § 29-1823. After Robinson was evaluated by a

mental health professional and the court had received the resulting report, the court held a hearing to determine whether Robinson was competent to stand trial. There is no error in the district court's handling of the competency issue. Thus, pursuant to § 29-1207(4)(a), the district court properly excluded from the speedy trial clock the time from the court's order that Robinson be evaluated to the time of the court's determination that Robinson was, in fact, competent to stand trial. Robinson's assertions to the contrary simply lack merit.

### (c) Motions to Suppress

Under § 29-1207(4)(a), time is also excluded from the speedy trial clock for the time from the filing until final disposition of motions to suppress evidence. Robinson filed two motions to suppress evidence on June 28, 2019. The district court overruled these two motions on April 29, 2020. We note that the delay as to the final disposition of the motions was caused by Robinson filing a pro se interlocutory appeal with this court in July 2019. After Robinson filed this appeal, the district court was divested of jurisdiction over the criminal proceedings pending our resolution of the appeal. See *State v. Rieger*, 8 Neb. App. 20, 588 N.W.2d 206 (1999) (district court is divested of jurisdiction when appeal of that case is perfected to appellate court). We issued our mandate dismissing Robinson's appeal on November 13, 2019, and thereafter, the district court scheduled a hearing on Robinson's motions to suppress. In his brief on appeal, Robinson asserts that the hearing on the motions to suppress should not have been delayed pending the outcome of his interlocutory appeal. Robinson's argument has no merit. The district court temporarily lost jurisdiction over the criminal proceedings while Robinson's appeal was pending in this court.

As a result of the filing of the motions to suppress, the speedy trial clock was tolled from June 29, 2019, the day after the motions were filed, through April 29, 2020, the day the district court ruled on the motions. The filing, thus, added 306 excludable days to October 24, 2019. The new speedy trial deadline was August 25, 2020.

### (d) Motion to Continue Trial

Section 29-1207(4)(b) excludes from the speedy trial clock the period of delay resulting from a continuance granted at the request or with the consent of the defendant or his or her counsel. On June 29, 2020, Robinson's counsel made an oral motion to the court to continue the trial, which had been scheduled for the jury term beginning on July 6. The district court granted defense counsel's motion. As a result, the speedy trial was tolled beginning on June 30, the day after defense counsel's motion for a continuance. The exact new trial date is not clear from our record, as we only know that it was set for the September jury term. However, at a minimum, defense counsel's motion tolled the speedy trial clock through August 24, 2020, when Robinson filed his motion for absolute discharge. Thus, at least 56 additional excludable days were added to the speedy trial deadline of August 25, 2020. The new speedy trial deadline was October 26.

### (e) Speedy Trial Waiver

As we mentioned above, Robinson filed his motion for absolute discharge on August 24, 2020, well in advance of the October 26 speedy trial deadline. Because we find that Robinson's motion for absolute discharge was prematurely filed based on the excludable periods resulting from his discovery motions, his competency evaluation, his motions to suppress, and his motion

to continue the trial, we need not address whether any other excludable periods are present. Most notably, we do not decide the effect of the pretrial motions that were filed in January 2019, and appear to have not yet been ruled on by the district court.

We affirm the judgment of the district court overruling Robinson's motion for absolute discharge. We also find that Robinson has waived his statutory right to a speedy trial under § 29-1207 by filing an unsuccessful motion to discharge that necessitated continuing the trial beyond the 6-month period. See *State v. Mortensen*, 287 Neb. 158, 841 N.W.2d 393 (2014).

## 2. AMENDMENT TO RECORD

On appeal, Robinson also asserts that the district court abused its discretion by denying his motion to obtain "the sound recordings of the proceedings used to make the written transcript." Brief for appellant at 11. Robinson believes that the written record "is not a fair and accurate representation of the events that transpired" during the proceedings held below. *Id*. In the argument section of his brief, Robinson does not cite to that portion of the record which contains either the motion he filed regarding the sound recordings or the court's order denying such motion. And, upon our review of the voluminous transcript filed in this case, it does not appear that the motion or the order were made a part of the appellate court record.

As a general proposition, it is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors. *State v. Ferrin*, 305 Neb. 762, 942 N.W.2d 404 (2020). Because our record does not include Robinson's motion to obtain the "sound recordings" or the court's order denying such motion, we do not consider Robinson's assignment of error regarding this issue.

## VI. CONCLUSION

We conclude that Robinson's statutory right to a speedy trial was not violated. Accordingly, the district court did not err when it overruled Robinson's motion to discharge on that basis.

AFFIRMED.