BEN THOMPSON, APPELLANT, V. KIEWIT
CONSTRUCTION COMPANY, APPELLEE.
603 N.W.2d 368

Filed December 10, 1999. No. S-99-110.

Christopher D. Jerram and Jeffery R. Kirkpatrick, of Kelley, Lehan & Hall, P.C., for appellant.

Michael F. Scahill, of Cassem, Tierney, Adams, Gotch & Douglas, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Ben Thompson appeals from the decision of a three-judge review panel of the Nebraska Workers' Compensation Court, which affirmed the decision of a single Workers' Compensation Court judge (trial court) granting a motion by Kiewit Construction Company (Kiewit) for an order compelling Thompson to participate in a functional capacity evaluation (FCE) with a physical therapist. For the reasons stated below, we conclude that Thompson's appeal from the trial court to the review panel was an appeal from a nonfinal, nonappealable order, and that the review panel was without authority to hear his appeal. Because the review panel lacked jurisdiction, this court is likewise without jurisdiction to hear Thompson's appeal. Accordingly, we dismiss.

## STATEMENT OF FACTS

On November 15, 1993, while employed by Kiewit as a laborer, Thompson suffered a work-related injury to his lumbar spine. On November 20, 1995, Thompson filed a petition with the Workers' Compensation Court seeking workers' compensation benefits. On June 25, 1996, on original hearing, the trial court entered an award which found, inter alia, that Thompson was permanently and totally disabled and provided that Thompson was to receive from Kiewit indemnity benefits in the amount of $265 per week "for so long in the future as [Thompson] shall remain permanently and totally disabled as a result of [the] accident and injury."

On May 19, 1998, Kiewit filed a motion with the Workers' Compensation Court docketed in the case file of the original action seeking an order compelling Thompson to attend an FCE conducted by a physical therapist. The motion recited that Kiewit sought the FCE as support for any attempt it might make to modify the original award finding Thompson permanently and totally disabled.

Thompson opposed the motion, claiming that the Workers' Compensation Court lacked jurisdiction in the matter because

there was no pending controversy in the case and further claiming that the Workers' Compensation Court lacked authority to order him to attend an FCE conducted by anyone other than a physician. Thompson also requested that the hearing on Kiewit's motion be recorded by a court reporter at Kiewit's expense.

On June 4, 1998, Kiewit's motion and Thompson's objection thereto came on for hearing before the trial court. During the hearing, Kiewit orally amended its motion to include a request that the FCE be videotaped. Three exhibits were offered and received into evidence. At Thompson's request, a court reporter attended the hearing and recorded the court's receipt of the evidence.

In a written order filed June 12, 1998, the trial court overruled Thompson's objections and granted Kiewit's motion. The trial court ordered Thompson to attend an FCE as scheduled by Kiewit. The court also ruled that the physical therapist was "free to" videotape the examination. With regard to the court reporting expenses, the court found that the reporting services were not necessary and ordered that the party requesting the services, Thompson, should pay for same.

Thompson sought review of the June 12, 1998, order, and on June 15, Thompson filed an amended application for review to the review panel. Thompson's appeal to the review panel came up for a review hearing on October 28, 1998. In an order dated January 5, 1999, the review panel stated that pursuant to Neb. Rev. Stat. § 25-1902 (Reissue 1995), the trial court's June 12, 1998, order was not a final order and, therefore, was not appealable to the review panel. Notwithstanding this determination, the review panel, nevertheless, considered the merits of Thompson's appeal of the June 12 order. The review panel concluded that the June 12 order was within the sound discretion of the trial court and was not clearly wrong, and it affirmed the trial court's June 12 order. Thompson appeals from the review panel's decision affirming the June 12 order of the trial court.

## ASSIGNMENTS OF ERROR

On appeal from the review panel's decision affirming the trial court's order, Thompson assigns six errors. Thompson claims the review panel erred in affirming the trial court's order

because the trial court erred in (1) considering Kiewit's motion for an FCE, given the trial court's lack of jurisdiction; (2) ordering Thompson to attend an FCE, conducted by a physical therapist and scheduled by Kiewit, because the court lacked the statutory authority to enter such an order; (3) permitting the physical therapist to videotape the examination; (4) holding a hearing on Kiewit's motion pursuant to Neb. Rev. Stat. § 48-162.03 (Reissue 1998) because the statute is unconstitutional; (5) failing to order Kiewit to pay for the court reporting services at the June 12, 1998, hearing; and (6) failing to award Thompson attorney fees.

## STANDARDS OF REVIEW

It is not only within the power but it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Breeden v. Nebraska Methodist Hosp.*, 257 Neb. 371, 598 N.W.2d 441 (1999). When a jurisdictional question does not involve a factual dispute, determination of a jurisdictional issue is a matter of law which requires an appellate court to reach a conclusion independent from that of the trial court. *In re Interest of Kelley D. & Heather D.*, 256 Neb. 465, 590 N.W.2d 392 (1999); *Crete Carrier Corp. v. Red Food Stores*, 254 Neb. 323, 576 N.W.2d 760 (1998). Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Pier v. Bolles*, 257 Neb. 120, 596 N.W.2d 1 (1999).

## ANALYSIS

Before we address the errors assigned by Thompson, we must first consider Kiewit's claim that the trial court's order of June 12, 1998, was interlocutory, thereby depriving the review panel and this court of jurisdiction to hear Thompson's appeal. We find merit to Kiewit's assertion that the review panel and consequently this court lack jurisdiction to hear Thompson's appeal.

Appeals from a workers' compensation trial court to a review panel are controlled by statutory provisions found in the Nebraska Workers' Compensation Act, Neb. Rev. Stat. § 48-101 et seq. (Reissue 1998). Specifically, §§ 48-179 and 48-182 pro-

vide for the review procedure for appeals brought from the trial court to the review panel.

Section 48-179 provides, inter alia, as follows:

> Either party at interest who refuses to accept the *findings, order, award, or judgment* of the Nebraska Workers' Compensation Court on the original hearing may, within fourteen days after the date thereof, file with the compensation court an application for review before the compensation court, plainly stating the errors on which such party relies for reversal or modification and a brief statement of the relief sought.

(Emphasis supplied.)

Section 48-182 provides, inter alia, as follows:

> In case either party at interest refuses to accept *any final order* of the Nebraska Workers' Compensation Court on original hearing, such party may, within fourteen days thereafter, file with the compensation court an application for review and within fourteen days from the date of such final order file with the compensation court a praecipe for a bill of exceptions.

(Emphasis supplied.)

As can be seen from the language quoted above, § 48-179 provides for appeals from findings, orders, awards, or judgments whereas § 48-182 provides for appeals from final orders. With respect to statutory construction, we have stated that " '[w]hen considering a series or collection of statutes pertaining to a certain subject matter which are in pari materia, they may be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions of the act are consistent and sensible.' " *In re Interest of Joshua M. et al.*, 256 Neb. 596, 605, 591 N.W.2d 557, 563 (1999) (quoting *Baker's Supermarkets v. State*, 248 Neb. 984, 991, 540 N.W.2d 574, 579 (1995)). We have further stated that "we are guided by the presumption that the Legislature intended a sensible, rather than an absurd, result in enacting the statute and its amendments." *Battle Creek State Bank v. Haake*, 255 Neb. 666, 680, 587 N.W.2d 83, 92 (1998). Finally, we have stated that "we must look to the statute's purpose and give to the statute a reasonable construction which best achieves that purpose, rather than a construction

which would defeat it." *Id.* We examine §§ 48-179 and 48-182 together in light of the foregoing principles of statutory construction.

Sections 48-179 and 48-182 pertain to the same subject matter, and must be construed, if at all possible, as consistent with one another and in a sensible manner. Notwithstanding the individuation of examples of rulings listed in § 48-179, § 48-182 makes clear that when reading the two provisions together, an order appealed from a trial court to a review panel must be a "final order" of the workers' compensation trial court. By its terms, § 48-182 outlines the mechanics for bringing an appeal from such final order. Taking §§ 48-179 and 48-182 together and giving them a sensible construction, we conclude that the appeal from the trial court to the review panel must be taken from a final order. This interpretation comports with the general policy against interlocutory appeals. E.g., *State v. Jacques*, 253 Neb. 247, 570 N.W.2d 331 (1997). See, generally, 4 C.J.S. *Appeal and Error* § 81 (1993).

 Having determined that pursuant to §§ 48-179 and 48-182, a party may appeal to a review panel only from a final order of the Workers' Compensation Court, we must ascertain the definition of a final order for purposes of such an appeal. Neither § 48-179 nor § 48-182 defines a "final order" for purposes of a workers' compensation appeal from a trial court to a review panel. Accordingly, we refer to § 25-1902, which defines three types of final orders which may be reviewed on appeal, to wit: (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered. See *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 592 N.W.2d 894 (1999). We rely on this statutory provision and the case law under it to define "final order" for purposes of an appeal from the trial court to the review panel. Of the three types of final orders identified above, it is obvious that the June 12, 1998, order is neither an order that determines an action or prevents a judgment under (1) nor an order made on summary application in an action after judgment under (3). Accordingly,

we examine the June 12 order under (2), which concerns an order affecting a substantial right made during a special proceeding.

It is well settled that a workers' compensation case is a "special proceeding." See *Hull v. Aetna Ins. Co.*, 247 Neb. 713, 529 N.W.2d 783 (1995). Accordingly, we examine the trial court's order of June 12, 1998, to determine if such order affected a substantial right made in this special proceeding. We have held:

A substantial right is an essential legal right, not a mere technical right. . . . A substantial right is affected if the order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which the appeal is taken.

*Holste v. Burlington Northern RR. Co.*, 256 Neb. at 724, 592 N.W.2d at 904.

In the instant case, no substantial right was affected by ordering an FCE, and Thompson does not identify any. In this regard, Thompson does not assert that he is entitled to be free from participating in an FCE. To the contrary, he admits that Kiewit has a statutory right to have him evaluated by certain types of medical professionals, and the fact that he merely challenges the type of professional who can conduct the FCE does not rise to the level of a substantial right. Such challenge can be effectively addressed on appeal from a bona fide final order.

Thompson has failed to identify a substantial right which has been affected by the trial court's order of June 12, 1998. "If a party's substantial rights are not determined by a court's order and the cause is retained for further action, the order is not final for purposes of appeal. . . . An appellate court is without jurisdiction to entertain appeals from nonfinal orders." *State v. Schlund*, 249 Neb. 173, 176-77, 542 N.W.2d 421, 423-24 (1996). The June 12 order is a nonfinal order. Accordingly, the review panel was without jurisdiction to consider Thompson's appeal of the trial court's June 12 order. Because the review panel lacked jurisdiction, this court in turn lacks jurisdiction, and we are without authority to consider the substantive ruling of the review panel. See, *State v. Jacob*, 256 Neb. 492, 591 N.W.2d 541 (1999); *Trew v. Trew*, 252 Neb. 555, 567 N.W.2d

284 (1997). Because this court lacks jurisdiction, the appeal must be dismissed.

## CONCLUSION

We conclude that pursuant to §§ 48-179 and 48-182, appeals from a workers' compensation trial court to a review panel must be from final orders. Having determined that the trial court's June 12, 1998, order directing that Thompson submit to an FCE is not a final order, we conclude that the review panel lacked jurisdiction of Thompson's appeal therefrom and that accordingly, this court lacks jurisdiction to hear this appeal from the review panel. We dismiss Thompson's appeal to this court for lack of jurisdiction.

APPEAL DISMISSED.