BLANCA DELGADO, APPELLANT, V.
IBP, INC., APPELLEE.
645 N.W.2d 831
Filed May 28, 2002.   No. A-01-532.

Lee S. Loudon, of the Law Office of Lee S. Loudon, for appellant.

Nicole M. Mailahn, of Jacobsen, Orr, Nelson, Wright & Lindstrom, P.C., for appellee.

HANNON, SIEVERS, and MOORE, Judges.

HANNON, Judge.
## INTRODUCTION
Blanca Delgado instituted this action in the Nebraska Workers' Compensation Court against IBP, inc., alleging that she had been

injured while an employee of IBP and that the matters in dispute were temporary and permanent disability benefits, medical expenses, vocational rehabilitation benefits, attorney fees, interest, and penalties. After a trial, the trial court made an award for temporary and permanent disability benefits and medical expenses but made no findings or order concerning her right to rehabilitation benefits, penalties, interest, or attorney fees. Delgado appealed to the review panel, alleging that the trial court erred in failing to make certain findings, failing to correctly determine her loss of earning power, and failing to provide reasoned decisions on these issues. The review panel found that the trial court's failure to mention interest, penalties, or attorney fees in its decision indicated that the trial court found no merit in Delgado's claim for these items; that there was evidence to support such finding; and that the trial court's determination in that respect was justified. The review panel found that the evidence would have supported a finding by the trial court that a reasonable controversy existed as to these items, and it affirmed that aspect of the order. The review panel also found that the trial court's order failed to provide a reasoned decision on Delgado's loss of earning power, and the case was remanded to the trial court for a reasoned decision on that issue. Delgado appealed to this court, alleging that the trial court erred in neither awarding interest, attorney fees, and penalties nor rendering reasoned decisions on those items and that the review panel erred by failing to reverse on such grounds.

We conclude that since the trial court did not decide all of the issues submitted to it, its order is not final and appealable, and thus, we dismiss this appeal for lack of jurisdiction and direct the review panel to vacate its order and to dismiss the appeal from the trial court.

## BACKGROUND

In her amended petition, Delgado alleges that she suffered two accidents in the course of her employment with IBP that caused physical injury to her. She alleges that the matters in dispute are temporary and permanent disability benefits, medical expenses, vocational rehabilitation benefits, attorney fees, interest, and penalties, and she prays that her rights be determined and that she be awarded the benefits she is entitled to under the Nebraska Workers' Compensation Act.

IBP's answer admitted Delgado's employment and denied the remainder of the amended petition. At the hearing on June 27, 2000, the parties stipulated (1) to Delgado's average weekly wage on the dates of the accidents, (2) that she sustained injuries to the right upper extremity in an accident arising out of her employment with IBP on March 25, 1999, (3) that she sustained a cervical injury from a work-related accident on April 6, 2000, and (4) that IBP agreed to pay the medical bills shown in exhibit 13. Because we are remanding the cause, we will not summarize the entire stipulation or the evidence.

The trial court's award was four pages long, single spaced. It discussed the stipulations and evidence and found that Delgado was entitled to temporary total disability benefits for the March 25, 1999, accident, the dates of which entitlement are not germane to our decision, as well as benefits for permanent impairment of her right upper extremity and the second and third fingers on her right hand and for a 6-percent loss of earning capacity. The trial court also found that IBP was entitled to credit for medical expenses paid pursuant to stipulation and ordered IBP to pay medical bills totaling $510 for treatment of the injury resulting from the April 6, 2000, occurrence. The trial court made no findings or order on Delgado's right to rehabilitation benefits, penalties, interest, or attorney fees.

Delgado applied for review of the award, alleging that the trial court erred in failing to find that she was entitled to attorney fees and interest for IBP's failure to timely pay her medical bills without providing a reasoned decision, in failing to enforce the parties' stipulation that she had not reached maximum medical improvement for her injury of April 6, 2000, without providing a reasoned decision, in assessing her loss of earning power based on her loss of physical function instead of her industrial disability, in failing to consider certain factors in determining her loss of earning power, and in finding that her loss of earning power was only 6 percent without providing a reasoned decision.

The review panel decided that the trial court's failure to award attorney fees, interest, and penalties for IBP's failure to pay medical bills and other benefits in a timely manner and its failure to provide a reasoned decision pursuant to Workers' Comp. Ct. R.

of Proc. 11 (2000) as to such items were not error because the absence of a specific finding indicated that the court found a lack of merit to Delgado's claim for these items. Further, the review panel stated that there was evidence to support a finding that a reasonable controversy existed, to refute Delgado's claim to the unawarded penalties, interest, and attorney fees. The review panel decided, however, that the trial court had failed to provide a reasoned decision about its finding of Delgado's loss of earning capacity. Therefore, the review panel remanded the matter for the trial judge to provide a reasoned decision concerning Delgado's loss of earning capacity.

## ASSIGNMENTS OF ERROR

Upon appeal to this court, Delgado alleges that the trial court erred in failing to find that she was entitled to penalties, interest, and attorney fees for IBP's failure to timely pay her indemnity benefits and in failing to provide a reasoned decision with respect to that conclusion.

## ANALYSIS

■ We find the procedure followed in this case as outlined above to be troublesome. A review panel's order affirming in part and in part reversing and remanding has previously been found to be appealable. See *Underwood v. Eilers Machine & Welding*, 6 Neb. App. 631, 575 N.W.2d 878 (1998). It is the fact that the trial court did not decide all of the issues submitted to it which we find troublesome about the procedure. We cannot accept the review panel's conclusion that the trial court made an implied ruling denying interest, penalties, and attorney fees by not discussing or ruling upon such matters. It is impossible for us to know whether the trial judge actually intended an implied denial or whether he simply forgot to rule upon those issues. At first blush, we were inclined to simply remand the cause to the trial court with directions for the trial court to make the necessary findings and enter an order which decides the undecided issues. However, upon further consideration, we decided that analysis was wrong even though the ultimate result will be the same by the order we make here.

## JURISDICTIONAL QUESTION

It is not only within the power but it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Thompson v. Kiewit Constr. Co.*, 258 Neb. 323, 603 N.W.2d 368 (1999); *Breeden v. Nebraska Methodist Hosp.*, 257 Neb. 371, 598 N.W.2d 441 (1999). In a case we are issuing simultaneously with this case, *Hamm v. Champion Manuf. Homes, post* p. 183, 645 N.W.2d 571 (2002), we have concluded that *Thompson, supra*, teaches that an appeal may not be taken from an order of the Workers' Compensation Court if that order is not a final order as that concept has been interpreted by the Nebraska Supreme Court. In *Hamm*, we also concluded that *Thompson* is authority for the proposition that we can look to non-workers' compensation cases to determine whether a given order from the Workers' Compensation Court is a final order. We further concluded in *Hamm* that even though workers' compensation cases are special proceedings, an order of the Workers' Compensation Court that does not determine all issues submitted to that court is not a final order and remains interlocutory until all issues are decided. *Thompson* is clear authority for the proposition that a review panel does not have jurisdiction of an appeal from a nonfinal order, and hence, we do not have jurisdiction to consider an appeal from a decision of a review panel which purports to review such a nonfinal order. We therefore must decide whether the trial court's order in this case is a final order.

The trial court, as evidenced by its award, did not directly rule upon the claims for rehabilitation benefits, interest, penalties, or attorney fees. Only the amended petition and the answer to it inform the trial court, and this court, of the issues submitted to the trial court for decision. That is the function of such pleadings. We find nothing in the bill of exceptions which amends or changes the relief sought in the amended petition. While Delgado does not complain that the trial court failed to grant rehabilitation benefits, this requested relief was neither granted nor denied. Clearly, not all of the issues were decided, and therefore, the order is not final. The petition stated that vocational rehabilitation benefits were in dispute. The trial court also did not rule upon that issue. We find no evidence or discussion in the bill of

exceptions on this subject. The issue was probably not presented, but the rule requiring the trial court to decide all issues before its order becomes final still applies. Frequently, a bill of exceptions contains statements which show certain issues have been abandoned. The best procedure on issues pled but not litigated would be for the trial court to ascertain on the record whether unproved issues have been abandoned, or to simply find against the plaintiff on such issues and deny relief on them. In *School Dist. No. 54 v. Howell,* 172 Neb. 404, 110 N.W.2d 52 (1961), for example, the district court found that one issue that was pled was not presented and therefore was not being decided.

## CONCLUSION

■ The court in *Thompson, supra,* merely dismissed the appeal in that case when it held that the review panel of the Workers' Compensation Court did not have jurisdiction to enter the order appealed from. In that case, the review panel had affirmed the trial court's decision, and a dismissal was all that was necessary. In this case, the review panel modified the trial court's order. That modification cannot stand, because it was entered in a case where the review panel had no jurisdiction. A necessary incident to an appellate court's power to determine that it lacks jurisdiction over the merits of an appeal because the order appealed from was entered by a tribunal lacking jurisdiction is the power to vacate that order and, if appropriate, to remand the cause for further proceedings. *State v. Rieger,* 257 Neb. 826, 600 N.W.2d 831 (1999). In this case, we must vacate the order of the review panel. We do so, and we dismiss this appeal and direct the review panel to dismiss the appeal from the trial court.

ORDER VACATED, APPEAL DISMISSED, AND CAUSE REMANDED WITH DIRECTIONS TO DISMISS.