CARL R. HAMM, APPELLEE, V.
CHAMPION MANUFACTURED HOMES, APPELLANT.
645 N.W.2d 571

Filed May 28, 2002.   No. A-01-808.

Mark Kadi, of Leininger, Smith, Johnson, Baack, Placzek, Steele & Allen, for appellant.

Roger D. Moore, of Rehm Bennett Law Firm, P.C., L.L.O., for appellee.

HANNON, INBODY, and CARLSON, Judges.

Hannon, Judge.

## INTRODUCTION

Champion Manufactured Homes (Champion) has appealed from the order of the three-judge review panel of the Nebraska Workers' Compensation Court which affirmed in part and in part remanded the award entered by the trial court in favor of Carl R. Hamm. We conclude that Champion's appeal from the trial court to the review panel was an appeal from a nonfinal, and therefore nonappealable, order because the trial court did not determine all the issues before it, but set an issue for further hearing. Thus, the review panel was without authority to hear the appeal from the trial court, and this court is likewise without jurisdiction to hear the appeal. Accordingly, we dismiss this appeal, vacate the order of the review panel, and order that the review panel dismiss the appeal from the trial court.

## BACKGROUND

The record reveals that Hamm sustained an injury to his right knee while working at Champion in October 1993. He had surgery in March 1994 to remove the prepatellar bursa from his right knee. His physician found that he reached maximum medical recovery on December 15, 1994, and further found that he had a 5-percent permanent physical impairment and loss of use of the right lower extremity. Hamm had been paid all temporary and permanent benefits for that accident.

On June 3, 1997, during the course of employment with Champion, Hamm injured his left knee. He had surgery on his left knee in July 1997 and again in January 1998.

On March 28, 1998, Hamm informed his supervisor at Champion that he was unable to continue as a roofer for Champion because of his knee problems. The testimony is in dispute, but Hamm testified that he was told there were no positions open for him if he could not perform his job and that his employment was then terminated.

Hamm testified that in June 1998, he injured his right knee at home while playing with his children. He was unemployed at the time of the June injury. In July, Hamm began employment with Nutrition Services. Hamm injured his right knee while

working for Nutrition Services and saw a doctor in October 1999 in response to that injury.

Hamm filed a petition seeking workers' compensation benefits. In the operative petition, Hamm prayed for temporary disability benefits, permanent disability benefits, vocational rehabilitation benefits, and payment of medical expenses, waiting-time penalties, attorney fees, and interest.

On December 22, 2000, the trial court issued an award which found that Hamm was entitled to temporary total disability benefits during the period from March 29 through May 5, 1998, and that since Hamm would require future medical care of both knees, Champion was liable for that expense as well. The trial court awarded temporary total disability and permanent partial disability benefits for a finding of a 5-percent loss of use of Hamm's left leg. The trial court found that it could not determine medical expenses and mileage due and owing without a further hearing because the evidence was unclear, and it set a hearing for January 17, 2001, "to sort out the bills and mileage." It also ordered Champion to "pay [Hamm's] future medical care required by [Neb. Rev. Stat. § 48-120 [(Reissue 1998)]," but denied rehabilitation services and allowed Champion credit for payments already made.

On January 4, 2001, Champion filed an application for review, and after a hearing, the review panel found that there was evidence in the record to support the trial court's finding that Hamm sustained a compensable accident and injury to his left knee and that it was not error for the trial court to order Champion to provide future medical care as it relates to Hamm's left knee injury from June 3, 1997. However, the review panel found it was error for the trial court to find that Hamm had sustained a right knee injury arising out of and in the course of his employment with Champion, as there was no evidence to support such a finding.

In regard to the trial court's order for a hearing to determine medical expenses and mileage, the review panel remanded the matter to the trial court for a determination of Champion's liability for the medical expenses and mileage based on the evidence submitted to the trial court. Champion appealed.

## ASSIGNMENTS OF ERROR

Champion alleges that the review panel erred in (1) affirming the trial court's order requiring Champion to pay future and ongoing medical expenses regarding the injury to Hamm's left knee, when the injury arose after Hamm left Champion's employment; (2) substituting its own finding of fact for that of the trial court and then remanding the cause back to the trial court to determine medical expenses and mileage when the trial court found that it could not determine such expenses without further information; and (3) remanding the cause back to the trial court to determine claimed medical expenses and mileage, when Hamm did not assign error to the trial court's finding thereon or seek such relief during review by the review panel.

## JURISDICTIONAL QUESTION

■ On our own motion, this court noticed a possible jurisdictional question. It is not only within the power but it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Thompson v. Kiewit Constr. Co.*, 258 Neb. 323, 603 N.W.2d 368 (1999); *Breeden v. Nebraska Methodist Hosp.*, 257 Neb. 371, 598 N.W.2d 441 (1999).

■ When a jurisdictional question does not involve a factual dispute, determination of a jurisdictional issue is a matter of law which requires an appellate court to reach a conclusion independent of that of the trial court. *Thompson, supra*; *In re Interest of Kelley D. & Heather D.*, 256 Neb. 465, 590 N.W.2d 392 (1999).

## ANALYSIS

Appeals from a workers' compensation trial court to a review panel are controlled by statutory provisions found in the Nebraska Workers' Compensation Act. See, Neb. Rev. Stat. § 48-101 et seq. (Reissue 1998 & Cum. Supp. 2000); *Thompson, supra*. The *Thompson* court addressed the jurisdictional question relating to the Workers' Compensation Court and stated, "[Section] 48-179 provides for appeals from findings, orders, awards, or judgments whereas § 48-182 provides for appeals from final orders." 258 Neb. at 327, 603 N.W.2d at 371. It further stated:

Neither § 48-179 nor § 48-182 defines a "final order" for purposes of a workers' compensation appeal from a trial court to a review panel. Accordingly, we refer to § 25-1902,

which defines three types of final orders which may be reviewed on appeal, to wit: (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered.

*Thompson*, 258 Neb. at 328, 603 N.W.2d at 372.

It is well settled that a workers' compensation case is a " 'special proceeding.' " *Id*. at 329, 603 N.W.2d at 372. We are therefore only considering an issue involving a final order in a special proceeding. Hamm sought recovery for medical expenses and mileage as well as the other relief prayed for in the petition, and the liability of Champion for medical expenses and mileage was not determined by the trial court, but reserved for another hearing. " 'If a party's substantial rights are not determined by a court's order and the cause is retained for further action, the order is not final for purposes of appeal. . . . An appellate court is without jurisdiction to entertain appeals from nonfinal orders.' " *Id*. at 329, 603 N.W.2d at 373, quoting *State v. Schlund*, 249 Neb. 173, 542 N.W.2d 421 (1996). The *Thompson* case differs from this case in that the issue appealed from in *Thompson* was the only issue before the trial court when its order was made and in that the appeal therein was dismissed because the *Thompson* court determined that the trial court's order did not affect a substantial right, whereas the order appealed from in the case at hand clearly affects a substantial right.

We conclude that the *Thompson* case is not authority for the proposition that the order in this case is not a final order. It is authority for the proposition that an appeal may not be taken from an order of the Workers' Compensation Court if that order is not a final order as defined by statute, as interpreted by the Nebraska Supreme Court. We conclude that it is also authority for the proposition that we can look to non-workers' compensation cases to determine whether a given order is a final order.

We recently decided a case wherein we stated, "The problem presented in this case stems from the jurisdictional implications of an order in a special proceeding which fails to decide all of the issues submitted to the court in that proceeding, and specifically

reserves ruling on one of such issues." *Paulsen v. Paulsen*, 10 Neb. App. 269, 272, 634 N.W.2d 12, 15 (2001). We have the same situation in the instant case, the only difference being that the special proceeding is a workers' compensation case and not a modification of a divorce decree.

*Paulsen* addressed an appeal from a nonfinal order in a modification of a divorce decree. In *Paulsen*, we determined that there was a lack of jurisdiction because the trial court's order modified child custody but did not determine the amount of child support and reserved that for a later hearing. After an analysis of Nebraska case law, we determined that the order was not a final, appealable order because it determined less than all the issues submitted to the court in the special proceeding. In making that decision, we relied on the following cases, all of which involve an attempt to appeal from an order made in a special proceeding: *In re Estate of Seidler*, 241 Neb. 402, 490 N.W.2d 453 (1992) (appeal from probate court where trial court decided some issues while reserving some for later determination); *Huffman v. Huffman*, 236 Neb. 101, 459 N.W.2d 215 (1990) (where parent sought change in custody or change in visitation and order was held not final when court reserved issues of visitation and attorney fees for later determination); *Gerber v. Gerber*, 218 Neb. 228, 353 N.W.2d 4 (1984) (where appeal from order dissolving marriage but reserving other issues was dismissed because order was not final); *Goldenstein v. Goldenstein*, 110 Neb. 788, 195 N.W. 110 (1923) (where order setting aside previous allowance for alimony and child support but reserving question of new amount was held not final until new amount was set). The *Goldenstein* court said, in finding the order at issue therein to be a nonfinal order, "[The order] expressly reserves the very thing which was the point of contention for the future consideration and judgment of the court." 110 Neb. at 791-92, 195 N.W. at 112.

In considering the same question, the *Huffman* court reviewed cases from Nebraska and other jurisdictions and stated:

> Generally, when multiple issues are presented to a trial court for simultaneous disposition in the same proceeding and the court decides some of the issues, while reserving some issue or issues for later determination, the court's

determination of less than all the issues is an interlocutory order and is not a final order for the purpose of an appeal. 236 Neb. at 105, 459 N.W.2d at 219.

This rule applies in the instant case. Because the trial court did not resolve the amounts of medical expenses due and owing as well as any amounts of mileage, but reserved them for later determination, the order from the trial court was a nonfinal order.

In resisting a possible dismissal for lack of jurisdiction, Champion's counsel raises two points. One is that the trial court erred in setting, and even lacked jurisdiction to set, the issues of medical expenses and mileage for further hearing and that therefore, the order of December 22, 2000, was a final order even with the erroneous order for further hearing. We point out that we are holding that the order from December 22 is not a final order because the court neither granted nor denied certain relief which was requested, not because the court set the issue for further hearing. We are not deciding whether the trial court erred or even had jurisdiction to set a further hearing. This court has no jurisdiction to decide the correctness of the trial court's action. That will be decided only when and if the matter is properly assigned in a case in which this court does have jurisdiction.

Champion also argues that if it cannot appeal from the order within the statutorily allowed time after the order was entered, then it will lose its right to appeal from the significant part of the order which it maintains was erroneous. This argument is based upon a fallacious understanding of the cases holding that orders which do not decide all of the issues are not final. The above-cited cases that hold that when not all of the issues are decided, the order is not a final order, but an interlocutory order, also hold that when the unresolved issues are resolved, the whole order, including the interlocutory portion, becomes final. This is expressly what was held in *Huffman, supra,* and *Goldenstein, supra.* The discussion in *Gagne v. Severa,* 259 Neb. 884, 612 N.W.2d 500 (2000), demonstrates this principle more fully. On further review of that case from this court, the Nebraska Supreme Court noticed that a motion for attorney fees had not been ruled upon by the trial court, and it dismissed the appeal for lack of jurisdiction for that reason. The case was returned to the trial court, and after attorney fees were awarded

by the trial court, the case was appealed anew. The *Gagne* court then considered the validity of all issues appealed, including the sufficiency of the evidence to support the verdict (the same issue this court had determined in the previous appeal).

## CONCLUSION

The court in *Thompson v. Kiewit Constr. Co.*, 258 Neb. 323, 603 N.W.2d 368 (1999), merely dismissed the appeal in that case when it held that the review panel of the Workers' Compensation Court did not have jurisdiction to enter the order appealed from. In that case, the review panel had affirmed the trial court's decision, and a dismissal was all that was necessary. In this case, the review panel modified the trial court's order. That modification cannot stand. A necessary incident to an appellate court's power to determine that it lacks jurisdiction over the merits of an appeal because the order appealed from was entered by a tribunal lacking jurisdiction is power to vacate that order and, if appropriate, to remand the cause for further proceedings. *State v. Rieger*, 257 Neb. 826, 600 N.W.2d 831 (1999). In this case, we must vacate the order of the review panel. We do so, and we dismiss this appeal and direct the review panel to dismiss the appeal from the trial court.

ORDER VACATED, APPEAL DISMISSED, AND CAUSE
REMANDED WITH DIRECTIONS TO DISMISS.