EFRAIN MARTINEZ, APPELLEE, V.
GREATER OMAHA PACKING, APPELLANT.
664 N.W.2d 486

Filed July 1, 2003.   No. A-02-1172.

Scott A. Lautenbaugh, of Nolan, Olson, Hansen, Fieber & Lautenbaugh, L.L.P., for appellant.

Thomas D. Wulff, of White, Wulff & Smart, for appellee.

IRWIN, Chief Judge, and SIEVERS and CARLSON, Judges.

CARLSON, Judge.

## INTRODUCTION

Greater Omaha Packing (GOP) appeals from an order of the Workers' Compensation Court review panel affirming the workers' compensation trial court's award of benefits to Efrain Martinez. For the reasons set forth below, we vacate the review panel's order, dismiss this appeal for lack of jurisdiction, and direct the review panel to dismiss the appeal from the trial court.

## BACKGROUND

On January 16, 2001, Martinez filed a petition against GOP, alleging that his preexisting condition of venous insufficiency was aggravated by his work with GOP in June 2000, resulting in "chronic venous stasis ulcers in the right leg." In his petition, Martinez sought medical expenses, indemnity benefits, vocational rehabilitation, penalties, and interest. GOP subsequently filed an answer denying Martinez' allegations.

After a hearing, the trial court found that Martinez was injured in an accident in the course and scope of his employment with GOP. The trial court awarded Martinez temporary total disability payments and vocational rehabilitation and ordered GOP to pay Martinez' medical expenses, but failed to address the issues of attorney fees and interest.

GOP appealed, and the review panel affirmed.

GOP appeals.

## ASSIGNMENTS OF ERROR

On appeal, GOP argues that the trial court erred in awarding Martinez benefits and vocational rehabilitation given that there was no causation established to show that Martinez had suffered

injury in an accident arising out of and in the course of his employment with GOP. GOP also argues that Martinez' injury was a recurrence and that there were no permanent effects of Martinez' alleged injury.

## ANALYSIS

■ It is not only within the power but it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Hamm v. Champion Manuf. Homes*, 11 Neb. App. 183, 645 N.W.2d 571 (2002); *Delgado v. IBP, inc.*, 11 Neb. App. 165, 645 N.W.2d 831 (2002).

■ Although the issue was not raised by the parties, we note a lack of jurisdiction in the instant case. In *Hamm, supra,* and *Delgado, supra,* we concluded that *Thompson v. Kiewit Constr. Co.*, 258 Neb. 323, 603 N.W.2d 368 (1999), states that a party may appeal from only a final order of the Workers' Compensation Court. If an order is not final as set out by the Nebraska Supreme Court, that order is not appealable. Specifically, in *Delgado*, 11 Neb. App. at 169, 645 N.W.2d at 835, we stated:

> In *Hamm*, we also concluded that *Thompson* is authority for the proposition that we can look to non-workers' compensation cases to determine whether a given order from the Workers' Compensation Court is a final order. We further concluded in *Hamm* that even though workers' compensation cases are special proceedings, an order of the Workers' Compensation Court that does not determine all issues submitted to that court is not a final order and remains interlocutory until all issues are decided. *Thompson* is clear authority for the proposition that a review panel does not have jurisdiction of an appeal from a nonfinal order, and hence, we do not have jurisdiction to consider an appeal from a decision of a review panel which purports to review such a nonfinal order.

In the instant case, the trial court ordered GOP to pay Martinez' medical bills and awarded Martinez temporary total disability payments and vocational rehabilitation. The trial court did not address the issues of attorney fees and interest. Because the trial court failed to decide all the issues before it, the trial court's order was not final.

## CONCLUSION

■ Given that the trial court's order was not final, the review panel's affirmance cannot stand, since the review panel lacked jurisdiction as well. A necessary incident to an appellate court's power to determine that it lacks jurisdiction over the merits of an appeal because the order appealed from was entered by a tribunal lacking jurisdiction is the power to vacate that order and, if appropriate, to remand the cause for further proceedings. *Delgado, supra*, citing *State v. Rieger*, 257 Neb. 826, 600 N.W.2d 831 (1999). Therefore, we vacate the review panel's order. Additionally, we dismiss this appeal and direct the review panel to dismiss GOP's appeal from the trial court's decision.

ORDER VACATED, APPEAL DISMISSED, AND CAUSE
REMANDED WITH DIRECTIONS TO DISMISS.