772 N.W.2d 872 (2009)
278 Neb. 676
Melissa L. MILLER, appellant,
v.
REGIONAL WEST MEDICAL CENTER and Continental Insurance Company, appellees.
No. S-09-100.
Supreme Court of Nebraska.
October 9, 2009.
*873 Robert M. Brenner, of Robert M. Brenner Law Office, Gering, for appellant.
Jason A. Kidd and Abigail A. Wenninghoff, of Engles, Ketcham, Olson & Keith, P.C., Omaha, for appellees.
*874 HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
STEPHAN, J.
In 1995, Melissa L. Miller was awarded workers' compensation benefits for injuries she sustained in an accident arising out of and in the course of her employment with Regional West Medical Center (RWMC). On September 24, 2007, Miller filed a request for an independent medical examiner in the compensation court. The request sought resolution of issues pertaining to a shoulder surgery recommended by Miller's physician. A single judge of the compensation court denied Miller's request, based upon a determination that the 1995 award did not establish RWMC's liability for an injury to Miller's shoulder. Miller sought review of this order by a review panel of the compensation court. A majority of the review panel determined that the order of the single judge was not a final order and dismissed the application for review. Miller perfected this appeal, which we moved to our docket on our own motion pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state.[1] We affirm the order of the review panel dismissing the application for review.

BACKGROUND
On July 12, 1990, while employed by RWMC as a cook, Miller was injured when a 6-pound bundle of sacks fell from a shelf and struck her on the head, neck, and right shoulder. Following the accident, Miller complained of headaches and neck pain radiating to her right shoulder. In 1995, she filed a petition in the compensation court alleging injuries to her "upper back, head, and right shoulder." RWMC and its insurer filed an answer and admitted that the accident occurred in the course and scope of Miller's employment and that Miller "sustained a cervical sprain/strain," but denied all other material allegations.
In an award entered on December 11, 1995, the compensation court determined that Miller sustained compensable injuries "to her neck and head (headaches)" as a result of the 1990 accident and that she reached maximum medical improvement on June 29, 1994. The court ordered RWMC to pay benefits of "$112.00 per week for 7 5/7 weeks for temporary total disability and thereafter and in addition thereto the sum of $5.60 per week for 292 2/7 weeks for a 5 percent loss of earning power." The compensation court also ordered RWMC to pay certain medical and hospital expenses incurred by Miller. The compensation court concluded that the evidence was not sufficient to warrant a finding that Miller required treatment at an inpatient pain management center as of the date of the award. However, it ordered RWMC to "continue to provide and care for such future medical and hospital care and treatment as may be reasonably necessary as a result of said accident and injury." The award further stated that "[i]f said future treatment should require treatment at a pain management center and if the parties are then unable to agree as to said treatment, a further hearing may be requested by either party on this issue."
Following the 1995 award, Miller continued to receive treatment for her injuries, although such treatment was infrequent. In September 2007, Miller's treating physician, Dr. Terry Himes, recommended she undergo surgery on her right shoulder. In a letter to Miller's counsel, Himes stated:
When she had intensification of the [shoulder] pain more recently and we *875 had not been able to sort out to what extent her neck problems are contributing to the shoulder problem I explained to her that I thought it would be most appropriate to proceed with repair of her shoulder first and then if the levels were still unacceptable to consider the surgical correction of her neck problem.
Himes also opined, to a reasonable degree of medical certainty, that Miller's "right shoulder problems" were the "direct consequence" of the injuries sustained in her 1990 accident. Although the precise nature of the shoulder surgery recommended by Himes is not clear from the record, there is some indication that in 2007, Miller was diagnosed with a torn tendon in her right shoulder.
On September 24, 2007, Miller filed a request for an independent medical examiner, utilizing a form provided by the compensation court. On this form, she indicated that injuries to her head, neck, and shoulders had occurred on July 12, 1990, and referred to the provision of the 1995 award regarding future medical expenses. She alleged that Himes had recommended shoulder surgery and requested opinions from an independent medical examiner on the following issues:
1. Should the shoulder surgery or repair of shoulder be done at this time and then if levels of reducing the pain and discomfort are not acceptable to then consider the surgical correction of the neck problem.
2. Is this repair of shoulder surgery and potentially surgical correction of the neck problem associated with her Workers' Compensation injury for which she recovered an Award.
On December 28, 2007, the single judge denied Miller's request for an independent medical examiner, concluding that the 1995 award did not find a compensable shoulder injury and that therefore, RWMC had no liability for evaluation and treatment of Miller's right shoulder. In dismissing Miller's application for review, a majority of the review panel concluded that the single judge's denial of Miller's request was not a final, appealable order. One member of the panel filed a dissent, reasoning that the order of the single judge was final and appealable, because it prevented Miller from seeking workers' compensation benefits for specific medical care.

ASSIGNMENTS OF ERROR
Miller assigns, consolidated and restated, (1) that the review panel erred in finding the denial of her request for an independent medical examiner was not a final order and (2) that the single judge erred in denying her request for appointment of an independent medical examiner.

STANDARD OF REVIEW
Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues presented by a case.[2] When a jurisdictional question does not involve a factual dispute, determination of a jurisdictional issue is a matter of law which requires an appellate court to reach a conclusion independent from that of the trial court.[3] The meaning of a statute is a question of law, and an appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law.[4]

*876 ANALYSIS
Appeals from a workers' compensation trial court to a review panel are controlled by statutory provisions found in the Nebraska Workers' Compensation Act, Neb.Rev.Stat. § 48-101 et seq. (Reissue 2008).[5] Pursuant to §§ 48-179 and 48-182, a party may appeal to a review panel only from a final order of the Workers' Compensation Court.[6] Neb.Rev.Stat. § 25-1902 (Reissue 2008) defines a "final order" for purposes of a workers' compensation appeal from a trial court to a review panel.[7] Under § 25-1902, a final order is (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered.[8] Miller contends that the order of the single judge denying her request for appointment of an independent medical examiner was an order affecting a substantial right, because it was "clearly intended to serve as a final adjudication of the rights and liabilities of the parties," and that it was entered in a special proceeding.[9]
It is well settled that a workers' compensation case is a special proceeding.[10] Thus, the finality of the single judge's order in this case hinges upon whether it affected a "substantial right," which we have defined as "`an essential legal right, not a mere technical right.'"[11] "`A substantial right is affected if the order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which the appeal is taken.'"[12] Miller argues that the order of the single judge affected a substantial right, because it deprived her of the ability to obtain an independent medical examination and thereby prejudiced her ability to seek workers' compensation benefits for her shoulder surgery. Specifically, Miller contends that, without the independent medical examination she requested, she is precluded from filing a petition for benefits pursuant to § 48-173, which provides in part: "No petition may be filed with the compensation court solely on the issue of reasonableness and necessity of medical treatment unless a medical finding on such issue has been rendered by an independent medical examiner pursuant to section 48-134.01." (Emphasis supplied.)
Section 48-134.01 authorizes the compensation court to develop and implement a medical examiner system whereby independent examiners who have not treated the injured employee "shall render medical findings on the medical condition of an employee and related issues."[13] Section 48-134.01(3) provides:
If the parties to a dispute cannot agree on an independent medical examiner of their own choosing, the compensation *877 court shall assign an independent medical examiner from the list of qualified examiners to render medical findings in any dispute relating to the medical condition of a claimant and related issues, including, but not limited to ... the reasonableness and necessity of any medical treatment previously provided, or to be provided, to the injured employee, and any other medical questions which may pertain to causality and relatedness of the medical condition to the employment.
Clearly, the "reasonableness and necessity" of medical treatment and "causality and relatedness of the medical condition to the employment" are separate and distinct questions upon which an independent examiner may be asked to opine, and they are separate issues which must be determined in a contested claim for workers' compensation benefits to pay for medical treatment. Here, the parties dispute whether Miller's current shoulder condition and planned surgical correction are causally related to the injuries determined in her 1995 award. The order of the single judge denying her request for an independent medical examination does not foreclose Miller's ability to file a petition pursuant to § 48-173 seeking workers' compensation benefits for her shoulder surgery. Such a petition would not present solely the "issue of reasonableness and necessity of medical treatment," but also the issue of whether the proposed treatment is causally related to the injuries determined by the 1995 award. Because the requested independent medical examination is not a prerequisite to the filing of a petition under § 48-173 seeking benefits for the proposed shoulder surgery on this record, the denial of the request did not affect a substantial right and is therefore not a final, appealable order.
Because we agree with the review panel that the order of the single judge was not a final, appealable order, we do not address Miller's assignment of error directed to that order.

CONCLUSION
For the reasons discussed, we affirm the order of the Workers' Compensation Court review panel dismissing Miller's application for review on the ground that the order of the single judge was not a final, appealable order and thus, the review panel was therefore without jurisdiction to review it.
AFFIRMED.
NOTES
[1] See Neb.Rev.Stat. § 24-1106(3) (Reissue 2008).
[2] Dawes v. Wittrock Sandblasting & Painting, 266 Neb. 526, 667 N.W.2d 167 (2003), disapproved on other grounds, Kimminau v. Uribe Refuse Serv., 270 Neb. 682, 707 N.W.2d 229 (2005).
[3] Thompson v. Kiewit Constr. Co., 258 Neb. 323, 603 N.W.2d 368 (1999).
[4] Powell v. Estate Gardeners, 275 Neb. 287, 745 N.W.2d 917 (2008); Knapp v. Village of Beaver City, 273 Neb. 156, 728 N.W.2d 96 (2007).
[5] Thompson v. Kiewit Constr. Co., supra note 3.
[6] Thompson v. Kiewit Constr. Co., supra note 3. See, also, Dawes v. Wittrock Sandblasting & Painting, supra note 2.
[7] Thompson v. Kiewit Constr. Co., supra note 3.
[8] See, Thompson v. Kiewit Constr. Co., supra note 3; Holste v. Burlington Northern RR. Co., 256 Neb. 713, 592 N.W.2d 894 (1999).
[9] Brief for appellant at 20.
[10] Thompson v. Kiewit Constr. Co., supra note 3.
[11] Id. at 329, 603 N.W.2d at 372, quoting Holste v. Burlington Northern RR. Co., supra note 8.
[12] Id.
[13] § 48-134.01(2).